887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven R. GARDNER, Plaintiff-Appellant,
v.
Gene SCROGGY, Warden, et al., Defendants-Appellees,
William D. WOOLUM, Plaintiff-Appellant,
v.
Gene SCROGGY, et al., Defendants-Appellees,
and
Lester M. ROSE, Plaintiff-Appellant,
v.
Gene SCROGGY, et al., Defendants-Appellees.
 Nos. 87-5873, 87-5874.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1989.
 
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 In these appeals plaintiffs, Lester Rose, William Woolum and Steven Gardner, seek review of a jury verdict and judgment in favor of defendants in a civil rights action. Counsel for plaintiff Gardner now moves for leave to withdraw and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Plaintiff Gardner has not responded to that motion. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs, all of whom were inmates at the Kentucky State Penitentiary (KSP) in Eddyville, filed complaints pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Western District of Kentucky. In support of their request for both punitive and compensatory damages, they alleged that defendants, guards or supervisory officials at KSP, subjected them to conditions of confinement constituting cruel and unusual punishment as a part of their efforts to quell a violent disturbance instigated by other inmates. Plaintiffs' claims were eventually the subject of a jury trial which concluded in a verdict in favor of defendants. Upon the entry of a judgment to that effect, plaintiffs filed these appeals.
 
 
 3
 Plaintiffs advance two arguments on appeal, the first being that the district court erred in denying their motion for a directed verdict. To prevail on such a claim, plaintiffs must demonstrate that the evidence adduced at trial, when viewed in the light most favorable to defendants, failed to raise a material question of fact for a jury to decide. Agristor Leasing v. A.O. Smith Harvestore Prods., Inc., 869 F.2d 264, 268 (6th Cir.1989). The district court did not err in its application of that standard in these cases as review of the trial transcript discloses the presence of an issue of material fact as to whether defendants' actions in putting down the prison disturbance were characterized by the obduracy and wantonness necessary to state a claim for cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319-22 (1986); Parrish v. Johnson, 800 F.2d 600, 604-05 (6th Cir.1986). Rather, the evidence on that question was conflicting and this court is therefore without authority to disturb the jury's findings in this regard. Ivey v. Wilson, 832 F.2d 950, 953 (6th Cir.1987) (per curiam).
 
 
 4
 Plaintiffs next maintain that the district court committed reversible error by denying their motions for the appointment of trial counsel. Such requests, however, are a matter of the trial court's discretion. The district court did not violate that standard as review of the record discloses that the refusal to appoint counsel did not render the trial fundamentally unfair to plaintiffs or otherwise impair their due process rights. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir.1987); Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir.1983).
 
 
 5
 Accordingly, the motion for leave to withdraw as counsel in case no. 87-5873 is hereby granted and the district court's final judgment under review in both these appeals is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.